UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| GUADALUPE CORTEZ, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CAUSE NO. 3:08-CV-047 CAN |
| ADVANCE STORES COMPANY, INC., | ) |  |
| Defendant. | ) |  |

**OPINION AND ORDER**

On January 2, 2008, Plaintiff, Guadalupe Cortez ("Cortez"), filed her complaint in Elkhart County Superior Court. On January 28, 2008, Defendant, Advance Stores Company Inc. ("Advance Stores"), removed the case to this Court. On April 18, 2008, upon the consent of the parties, this case was reassigned to the undersigned for all purposes. On December 3, 2008, Advance Stores filed a motion for summary judgment. On December 30, 2008, Cortez filed a response in opposition. On January 14, 2009, Advance Stores filed a reply. On the same day, Advance Stores filed a motion to strike Cortez' supporting exhibits. This Court may now enter its ruling on all pending matters pursuant to the parties' consent and 28 U.S.C. § 636(c).

**I.  INTRODUCTION**

Cortez has alleged that Advance Stores is liable for the injuries she suffered when she was attacked and seriously injured by armed robbers while she sat in her car, in the parking lot of one of the Defendant's stores. Cortez seeks recovery upon a theory of negligence, specifically that Advance Stores owed her a duty as a business invitee to protect her from the reasonably foreseeable criminal acts of third persons. Advance Stores argues that the criminal attack, which

Cortez suffered, was not reasonably foreseeable; and, therefore, under Indiana law, Advance Stores owed no duty to Cortez, and, as a result, can not be held liable on a negligence theory.

For the reasons stated below, this Court concludes that the criminal attack upon Cortez was not reasonably foreseeable and, as a result, there was no duty to protect a business invitee from the criminal acts of third persons.

## II. FACTS

The parties agree with the following statement of facts. On September 26, 2006, Cortez drove her brother to work at Advance Stores in Elkhart, Indiana. Immediately after her brother exited the car, Cortez noticed three masked men in the store. Cortez attempted to attract her brother's attention by honking her car horn, rolling down her window, and calling out to her brother to return to the car. See Cortez' Statement of Material Facts, Doc. No. 21-2 at 2 (citing Cortez' Deposition at 16-17). See also Cortez' Response Brief, Doc. No. 21. In so doing, Cortez interrupted the robbery, and the masked men then ran from the store. Id. One of the robbers approached Cortez' car, shot Cortez in both arms, threw her from the vehicle, and then drove off with the car. Id.

## III. ANALYSIS

### A. Standard of Review

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Lawson v. CSX Transp., Inc., 245 F.3d 916, 922 (7th Cir. 2001). In determining whether a genuine issue of material fact exists, this Court must construe all facts in

the light most favorable to the nonmoving party as well to draw all reasonable and justifiable inferences in favor of that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); King v. Preferred Technical Group, 166 F.3d 887, 890 (7th Cir. 1999). To overcome a motion for summary judgment, the non-moving party cannot rest on the mere allegations or denials contained in its pleadings. Rather, the non-moving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Robin v. Espo Eng'g Corp., 200 F.3d 1081, 1088 (7th Cir. 2000). Where a factual record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Bank of Ariz. v. Cities Servs. Co., 391 U.S. 253, 289 (1968)).

   B. Advance owed Cortez, a Business Invitee, a Duty of Care to Take Reasonable Precautionary Measures to Ensure Cortez's Safe Ingress and Egress.

To recover in negligence, Cortez must establish: (1) a duty on behalf of Advance Stores to conform its conduct to a standard of care arising from its relationship with Cortez; (2) Advance Stores' failure to conform its conduct to the requisite standard of care; and (3) an injury to Cortez proximately caused by the breach. Schlotman v. Taza Café, 868 N.E.2d 518, 521 (Ind. Ct. App. 2007). Absent a duty, there can be no breach and no recovery in negligence. Schlotman, 868 N.E.2d at 521. In its motion for summary judgment, Advance Stores only addressed the element of duty of care.

Whether a defendant owes a duty of care to a plaintiff is a question of law for the court to decide. Northern Ind. Pub. Serv. Co. v. Sharp, 790 N.E.2d 462, 466 (Ind. 2003). However, an individualized judicial determination of whether a duty exists in a particular case is not

necessary where such a duty is "well-settled."  Paragon Family Restaurant v. Baronlini, 799 N.E.2d 1048, 1052 (Ind. 2003).  Relevant to this case, the Indiana Supreme Court has held, on numerous occasions, that Indiana law "clearly recognizes that proprietors owe a duty to their business invitees to use reasonable care to protect them from injury caused by other patrons and guests on their premises, including providing adequate staff to police and control disorderly conduct."  Id.  See also Sharp, 790 N.E.2d at 465 (Ind. 2003).  In addition, it is well settled that a business has a duty to exercise reasonable care to keep its parking lots safe and to provide a safe and suitable means of ingress and egress.  Id.

However, the Indiana Supreme Court has also limited the extent of this duty "to harm from the conduct of third persons that, under the facts of a particular case, is reasonably foreseeable to the proprietor."  Paragon, 799 N.E.2d at 1052 (citing Muex v. Hindel Bowling Lanes, Inc., 596 N.E.2d 263, 266 (Ind. 1999)).  As such, the parties agree that this Court should apply a "totality of the circumstances" test to determine whether Advance Stores could have reasonably foreseen the criminal act at issue.  See Schlotman, 868 N.E.2d at 521-22.  Under this analysis, the number, nature, and location of prior similar incidents is a "substantial factor" in this Court's determination.  Id. at 522.

Pursuant to this analysis, Cortez submitted a list of Elkhart police dispatch calls ("List"), which were made by Advance Stores, a nearby 7/11, and a nearby liquor store.  See Doc. No. 21-5.  The List reveals that, in the two-year period proceeding the September 21, 2006 shooting, Advance Stores had experienced multiple thefts, repeated vandalism, and a fight.  See Doc. No. 21-5 at 12-18, 20-21, 23, 27.  Similarly, the List shows that a 7/11 and liquor store, located in the surrounding area, experienced multiple robberies, during the same time period.  See

4

generally Doc. No. 21-6 and Doc No. 21-7.  Further, Cortez submitted the affidavit of Eric Lutson, the manager of Advance Stores at the time of the shooting, who verified his awareness of several criminal incidents and delineated his efforts to ensure the employee safety and to notify the divisional manager.  See Doc. No. 21-9.

Despite this evidence, however, this Court must reluctantly agree with Advance Stores' argument that, under Indiana law, the shooting of Cortez was not foreseeable. Two Indiana cases are particularly instructive of when the totality of circumstances would give rise to a duty to protect a business invitee from the criminal acts of third persons.  In the first case, a patron entered a bar and stayed until closing time.  He left with two friends.  Another group of patrons had left the bar several minutes earlier.  An altercation erupted involving two patrons, and one shot and killed the other on the sidewalk outside the bar.  The Indiana Court of Appeals determined that the bar did not owe the patron who was shot a duty to protect him from the criminal act of another patron.  Merchs. Nat'l Bank v. Simrell's Sports Bar and Grill, Inc., 741 N.E.2d 383, 386 (Ind. Ct. App. 2000).  The court explained that there was no evidence of any prior or similar shooting incidents outside of the bar that would have alerted the defendant to the likelihood that a shooting would occur.  The court also found that evidence of prior fights outside the bar was insufficient to show that the shooting was foreseeable.  Simrell's, at 387-88.

The second case is more recent.  In Schlotman, the plaintiff bought food at Gyro Joint in Indianapolis, Indiana, at about 11:00 p.m. on September 4, 2004.  The restaurant had no interior seating, so Schlotman sat at a table the owner, Hefni, had placed outside.  After he was approached and harassed by some individuals, Schlotman informed the owner and asked him to "hook [one of the individuals] up with some food."  The owner declined and told them to take it

5

outside. The individuals left and Schlotman returned to the sidewalk to finish eating. Shortly thereafter, the individuals returned and struck Schlotman in the face with a whiskey bottle. Schlotman sued Gyro Joint alleging it had a duty to protect him. Gyro Joint moved for summary judgment and the trial court granted the motion. Addressing the issue, the Court of Appeals stated:

> Schlotman was attacked at about 11:00 on a Saturday night. Hefni testified he saw drunken individuals in the vicinity nightly and there was a lot of drinking in the area. He testified it was not unusual to see fights in the alley. He had on occasion been approached by people asking for help, and he had called police because people were bothering his customers or people had been assaulted. Intoxicated people had broken into Hefni's car, taken items from the restaurant, and damaged the restaurant. Hefni testified to some occasions when he had called police because intoxicated persons were fighting outside the restaurant.

Schlotman, 868 N.E.2d at 523.

Despite this evidence, the Court of Appeals was not persuaded that the plaintiff's injuries were sufficiently foreseeable to give rise to a duty to protect him from criminal acts. The court wrote:

> Despite the evidence of criminal activity in the vicinity of Gyro Joint, the attack on Schlotman was less foreseeable than that in Simrell's. Simrell's was a bar, and Gyro Joint is a "one-man, carry-out operation with no seating." The Simrell's incident involved two patrons; Schlotman was attached by passers-by who had no apparent relationship with the restaurant. There were no similar incidents where a Gyro Joint patron had been assaulted. Gyro Joint is in a high-traffic area with police officers nearby. Schlotman himself apparently did not foresee the attack, because after the assailant left the first time, Schlotman returned to the table and continued eating. Even after Hefni witnessed the brief initial exchange between the assailant and Schlotman, we cannot say it was "reasonably foreseeable" to Hefni that the assailant would leave, drive around the block, and then return to attack Schlotman. As the attack on Schlotman was less foreseeable than the attack in Simrell's, the trial court correctly found Gyro Joint had no duty to protect Schlotman.

Schlotman, 868 N.E.2d at 523.

In light of <u>Simrell's</u> and <u>Schlotman</u>, this Court must similarly find that Cortez' injuries were not reasonably foreseeable. Although Advance Stores had experienced some crime prior to the shooting, Advance Stores had never been the victim of the particular crime at issue in this case, an armed robbery; nor is there any evidence of prior shootings. Further, prior to the robbery, Advance Stores had been internally-rated as having a low-rate of criminal activity. As such, Advance Stores had little reason to anticipate the violent events of September 26, 2006.

Cortez has submitted no evidence of other armed robberies or shooting incidents occurring at Advance Stores prior to the events at issue. Likewise, Cortez has submitted no evidence to show that there had been unprovoked attacks against Advance Stores' patrons, of a similar nature or severity, prior to the attacks against her.

This Court is also not persuaded that evidence of other crimes in the surrounding area is sufficient to establish a duty in this case. To begin, besides providing a somewhat cryptic list of police dispatch calls, Cortez has failed to establish substantial similarity between the crimes committed against the other stores and the armed robbery and shooting in this case. In addition, Cortez has failed to explain how the geographic relationship of the businesses was sufficient to place Advance Stores' on notice of the particular crime committed against Cortez. As discussed earlier, the Indiana Court of Appeals specifically rejected evidence of other criminal activity in the area as unpersuasive for establishing a duty. See <u>Schlotman</u>, 868 N.E.2d at 522-23.

In summary, if the attacks in <u>Simrell's</u> and <u>Schlotman</u> were unforeseeable, because the other attacks were not sufficiently similar to the attack the plaintiffs suffered, then here too the attack upon Cortez was also unforeseeable, as the only evidence Cortez has offered is generalized and not sufficiently similar to the attack she suffered.

7

### IV.  ADVANCE STORES' MOTION TO STRIKE

Simultaneous with its reply brief, Advance Stores filed a motion to strike all of the evidence accompanying Cortez' response brief, claiming that Cortez' evidence contains inadmissable hearsay.  However, even considering all of Cortez' evidence, this Court still concludes that Cortez has failed to establish that a duty exists, sufficient for Cortez' negligence claim to survive summary judgment.  As such, this Court **DENIES AS MOOT** Advance Stores' motion to strike. [Doc. No. 23].

### V.  CONCLUSION

The attack upon Cortez was brutal, senseless, and tragic; but it was not reasonably foreseeable.  As a result, Indiana law is clear that Advance Stores owed Cortez no duty to protect her from the criminal acts of others.  Without such a legal duty, there can be no recovery in negligence and Advance Stores is entitled to a judgment as a matter of law.  Accordingly, Advance Stores' motion for summary judgment is now **GRANTED**.  [Doc. No. 19].  The Clerk is instructed to enter judgment for Advance Stores and award costs.  Further, Advance Stores' motion to strike is **DENIED AS MOOT**. [Doc. No. 23].

**SO ORDERED.**

Dated this 3nd Day of February, 2009.

S/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge